# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JASON HOLLY,                                                                                    PLAINTIFF

v.                                             4:21CV01151-JM-JTK

JOSH HAMPTON
                                                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

     2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge. From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### I.  Introduction

Plaintiff Jason Holly ("Plaintiff") is in custody at the Lincoln County Detention Center. He filed a pro se Complaint pursuant to 42 U.S.C. § 1983 alleging that Deputy Josh Hampton violated Plaintiff's constitutional rights. The Court will now screen Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA").

### II.  Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   Discussion

Plaintiff sued Deputy Josh Hampton in his personal and official capacities. (Doc. No. 2 at 1-2). Plaintiff alleges that on November 8, 2021, Plaintiff was given his first piece of legal mail. (Id. at 4). Plaintiff explained that the letter was from the United States District Court in Little Rock, Arkansas. (Id. at 4). The letter had been opened outside of Plaintiff's presence. (Id.). Plaintiff maintains Defendant Hampton opened the letter. (Id.). Plaintiff seeks damages. (Id. at 5).

Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). The letter from the Court to Plaintiff does not fall within that narrow definition.

Because Plaintiff explained that the mail at issue was from the Court, the Court interprets Plaintiff's claim as falling under the First Amendment. See Wolff v. McDonnell, 418 U.S. 529, 576-77 (1974). To state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim." Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). Plaintiff has not alleged any harm from his mail being opened. Further, Plaintiff identified only one instance of his mail being opened. Even if the mail at issue was legal mail, an isolated incident with no evidence of interference with an inmate's right to counsel or access to the courts is insufficient to state a claim. Beaulieu v. Ludeman, 690 F.3d 1017, 1037 (8th Cir. 2012).

Accordingly, Plaintiff failed to state a claim in connection with his opened mail. As such, Plaintiff's Complaint should be dismissed without prejudice.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

IT IS SO RECOMMENDED this 1st day of December, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE